UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRENDA L. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00874-JMS-TAB |
| | ) | |
| TAVEL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On March 20, 2020, the Court granted *pro se* Plaintiff Brenda L. White's Motion for Leave

to Proceed *In Forma Pauperis*, screened her Complaint pursuant to 28 U.S.C. § 1915(e)(2), and

dismissed the Complaint without prejudice for failure to properly invoke this Court's diversity

jurisdiction and failure to allege a federal claim.  [Filing No. 3.]  The Court gave Ms. White until

April 13, 2020 to file an Amended Complaint properly invoking this Court's jurisdiction and

complying with federal pleading standards.  [Filing No. 3 at 5.]  The April 13, 2020 deadline

passed without Ms. White filing an Amended Complaint.  On May 26, 2020, Ms. White filed a

"Motion to Reopen," [Filing No. 4], which the Court construes as a Motion for Extension of Time

and a Motion to Amend the Complaint.  For the reasons set forth below, the Court **GRANTS** the

Motion for Extension of Time and **DENIES** the Motion to Amend the Complaint.

### I.
### STANDARD OF REVIEW

Generally, a motion for leave to amend a complaint is evaluated under Federal Rule of

Civil Procedure 15(a)(2), which provides that courts "should freely give leave when justice so

requires." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011).  When a plaintiff asks for

leave to amend a complaint after the deadline has passed, however, courts "apply the heightened

good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule

15(a)(2) were satisfied." *Id.*  "In making a Rule 16(b) good-cause determination, the primary

consideration for district courts is the diligence of the party seeking amendment." *Id.* at 720.

If a plaintiff has shown good cause, the Court should allow amendment "unless there is a

good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend."

*Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 358 (7th Cir. 2015).  A district court

has "broad discretion to deny leave to amend" under appropriate circumstances.  *United States v.*

*Sanford-Brown, Ltd.*, 788 F.3d 696, 706 (7th Cir. 2015).

## II.
### DISCUSSION

In her Motion, Ms. White indicates that she is "late in responding" because her ex-husband

and her friend both passed away, her son who currently lives with her was sick "off and on," and

she became ill, but has since recovered, although she has some lingering health issues that she

must manage until they subside.  [Filing No. 4 at 1.]  She states that she would like to have this

matter heard and, if given the opportunity to proceed, she would "offer the following":

> I believe this injury is direct result of malpractice and willful negligence because I
> am an African-American woman.  Due diligence was not performed.  Defendant
> intentionally flipped the switch for bright lights for both left eye and right eye
> without announcing it or apologizing, for several seconds.  Causing pain and
> suffering and damages to my eyes.  We both live in Indiana.

[Filing No. 4 at 1.]

The Court finds that Ms. White has arguably shown good cause for filing her construed

Motion for Extension of Time and therefore **GRANTS** that Motion.  Accordingly, the Court will

consider her request for leave to file an Amended Complaint.

Because the deadline to file an Amended Complaint has passed, the Court applies the

standard set forth in Rule 16(b)(4).  *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir.

2014).  The Court finds that Ms. White was diligent in seeking to file an Amended Complaint;

however, she has not shown that she could successfully amend her Complaint to cure the defects

identified in the Court's March 20, 2020 Order.  In support of her request to file an Amended

Complaint, Ms. White states the allegations she would include in her new complaint.  [Filing No.

4 at 1.]  These allegations fail to remedy the issues identified in the previous Order for two reasons.

First, to the extent that Ms. White's claims are based on a state law cause of action for medical

malpractice or negligence, she has not alleged facts showing that the citizenship or amount-in-

controversy requirements of diversity jurisdiction have been satisfied.  *See* 28 U.S.C. § 1332(a).

Indeed, she affirmatively states that all parties are citizens of Indiana.

Second, Ms. White's allegations fail to state a claim over which this Court could exercise

federal question jurisdiction.  Specifically, Ms. White alleges that she was mistreated based on her

race.[1]  As noted in the previous Order, in the absence of allegations suggesting that Defendant

Tavel is a state actor, she cannot pursue a civil rights claim for racial discrimination under 42

U.S.C. § 1983.  [Filing No. 3 at 5 (citing *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th

Cir. 2010) (explaining that private actors may be sued for civil rights violations under § 1983 when

they act "under color of state law," and not for "merely private conduct, no matter how

discriminatory or wrongful")).]  In addition, to the extent that Ms. White intends to assert a claim

under 42 U.S.C. § 1981 for discrimination in a retail establishment, she has not alleged any facts

showing that Defendant's conduct was related to the activities enumerated in that statute, such as

---

[1] The Court assumes without deciding that discriminatory intent is plausibly alleged in this case.
However, the Court notes that Ms. White has filed numerous lawsuits, and the frequency and
varying contexts in which she alleges the existence of discriminatory intent might very well
undermine this plausibility analysis if more careful scrutiny were applied.  *See White v. American
Family Mutual Ins. Co.*, 1:19-cv-04370-JMS-DLP, ECF No. 39 at 22-24 (discussing Ms. White's
history of filing frivolous lawsuits, including many alleging racial discrimination).

making a contract, or that she was in any way excluded or denied service.  *See Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 756 (7th Cir. 2006) (explaining that, although § 1981 is often invoked in the context of employment discrimination, courts also "evaluat[e] § 1981 claims made by plaintiffs who allege that they faced illegal discrimination in retail establishments"); *Sterling v. Kazmierczak*, 983 F. Supp. 1186, 1191-92 (N.D. Ill. 1997) (finding plaintiff's § 1981 claim failed because there were no allegations that plaintiff was prepared to make a purchase at store but was denied the ability to do so); *Bagley v. Ameritech Corp*., 1999 WL 1069113, at *4 (N.D. Ill. Nov. 17, 1999) (finding plaintiff's § 1981 claim failed because he did not "offer evidence that [defendant] refused to contract with him because of his race").  Here, Ms. White claims her alleged injury occurred while she was actually being served.  In sum, Ms. White's allegations do not state any plausible federal discrimination claim.

Because Ms. White's proposed amendments do not cure the deficiencies identified in the March 20, 2020 Order, permitting her to file an Amended Complaint would be futile.  Accordingly, the Court, in its discretion, **DENIES** Ms. White's Motion to Amend the Complaint and dismisses Ms. White's claims for lack of jurisdiction.

In addition, the Court is cognizant of the fact that Ms. White, in other cases, has sought leave to file an appeal *in forma pauperis*.  In anticipation of the possibility that she may seek such leave in this case, the Court finds that there is no objectively reasonable basis upon which Ms. White could argue that the disposition of this case is erroneous, and any appeal would be frivolous and not taken in good faith.  *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) ("[T]o sue in bad faith means merely to sue on the basis of a

frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit.").  Accordingly, any motion for leave to appeal *in forma pauperis* would be denied.

The Court also reminds Ms. White of the word of caution it provided her in *White v. American Family Mutual Ins. Co.*, 1:19-cv-04370-JMS-DLP, ECF No. 39, regarding her pattern of filing meritless lawsuits in this district.  Should Ms. White continue to file meritless lawsuits, the Court may use its inherent authority to impose sanctions, including a requirement that she pay the attorneys' fees and costs of her opponents, and a restriction on her ability to file future lawsuits.

### III.
#### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Ms. White's construed Motion for Extension of Time, [4], **DENIES** Ms. White's construed Motion to Amend the Complaint, [4], and **DISMISSES** this action for lack of jurisdiction.  Final judgment shall issue accordingly.

Date: 5/29/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail to:**

Brenda L. White
4141 N Ridgeview Drive
Indianapolis, IN 46226

5